EUGENE ALTHAUS v. THE STATE.

No. 8461. Decided June 11, 1924.

**Delivery of Intoxicating Liquor—Former Acquittal.**

Where, upon trial of delivering intoxicating liquor, appellant filed a plea of former acquittal which appeared to be in accord with the form laid down by Mr. Wilson, etc., the court should have submitted the same for the consideration of the jury, and the question as to whether the transaction and offense involved in the indictment under which the acquittal was had, and the act, transaction and offense involved in the instant indictment was the same were questions of fact for the jury, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Blanco. Tried below before the Honorable J. H. McLean.

Appeal from a conviction of unlawfully delivering intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Alfred P. C. Petsch,* and *W. C. Linden,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Blanco County of delivering intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant filed a plea of former acquittal which appears to be

in accord with the forms laid down by Mr. Willson and presents a sworn statement to the effect that he had been put upon trial upon a valid indictment charging him in three counts with the same offense, act and transaction involved in the instant indictment and acquitted. There appear to be three counts in the instant indictment, one charging a sale of liquor, another a furnishing of such liquor, and the third the delivery of intoxicating liquor to one Glass. It was alleged in the plea of former acquittal that the indictment upon which appellant was tried and acquitted charged the same things, alleging however the name of Szymanski instead of Glass as the party to whom the liquor was sold, furnished and delivered. The allegation in the plea that while the name appeared different, the act, transaction and offense involved was the same.

The State demurred to the sufficiency of the plea and its demurrer was sustained by the learned trial judge. The State's attorney in his brief filed in this case concedes error on the part of the trial court in this action. We are constrained to believe that the State's attorney is right. The question as to whether the transaction and offense involved in the indictment under which the acquittal was had, and the act, transaction and offense involved in the instant indictment, were the same, seems of necessity to be a question of fact which could only be decided by hearing the proof. Szymanski and Glass might have been the same parties as far as we know. In the instant case the court submitted only the count in the indictment charging the delivery of liquor. If there was but one delivery in fact, and this was to Glass and Szymanski, it might be that the plea of former acquittal would have been supported by testimony. If there had been a delivery to Glass and a separate delivery to Szymanski this might not have sustained the allegation in the plea that the act, transaction and offense were identical. However, this was a question of fact for the jury.

Believing the learned trial judge in error in sustaining the State's objection to the plea of former acquittal, and that the same should have been received and the issue submitted to the jury, the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded,*